IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY SEATON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 0125 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Jeffrey Seaton appeals the Commissioner of Social Security's decision to deny him disability benefits under Title II of the Social Security Act (the Act).[1] Both parties have filed cross-motions for summary judgment. For the reasons outlined, the Commissioner's motion is denied [dkt. 22], plaintiff's motion is granted [dkt. 14], and the Administrative Law Judge's decision is remanded for further proceedings consistent with this opinion.

**FACTS**

Plaintiff Jeffrey Seaton first filed for disability benefits under Title II of the Social Security Act on April 11, 2011.[2] His claims were initially denied on August 2, 2011, and denied on reconsideration on September 23, 2011.[3] He requested a hearing on October 11, 2011, and appeared before Administrative Law Judge Linda Halperin ("the ALJ") on September 11, 2012.[4]

Plaintiff is forty years old and has suffered from severe back pain since roughly 2005.[5] He has undergone two spinal surgeries in 2005 and 2007 to correct bulging discs, as well as knee surgery.[6] He suffers from lumbar/cervical spinal impairment, which heavily limits his range of back motion, herniated discs, post-surgery spinal and laminectomy fusion, and left knee pain,

---
[1] *See* 42 U.S.C. §§ 404(g), 216(i), 223(d).
[2] R. at 32.
[3] *Id*.
[4] *Id*.
[5] Pl. Brief at 2.
[6] *Id*. at 3.

1

which limits his ability to walk and sometimes requires him to use a cane.[7] He also suffers from abdominal pain, hernia, prostatitis, hemorrhoids, and headaches, and has complained of severe anxiety and depression.[8]

At the 2012 hearing, the ALJ determined whether plaintiff had a severe disability, whether plaintiff's residual functional capacity would allow him to continue working despite that disability, and whether plaintiff's subjective complaints of pain were credible.[9] In making these determinations, the ALJ considered the opinions of ten medical professionals; of these, six were plaintiff's treating physicians, and four were hired by the state for the purpose of determining plaintiff's disability.[10] The ALJ also considered plaintiff's testimony at the hearing.[11]

The ALJ concluded that, while plaintiff was severely disabled and unable to return to his previous job as a carpenter, his residual functional capacity allowed him to perform a full range of light work.[12] She also concluded that plaintiff's testimony regarding the severity of his pain was not credible because it was inconsistent with his residual functional capacity and his own testimony of his daily activities.[13]

## DISCUSSION

We are concerned by the ALJ's determination of plaintiff's credibility. The ALJ has both failed to minimally articulate her reasoning, and has improperly considered plaintiff's testimony of his daily activities.

This Court is authorized to review the Commissioner's final decision by 42 U.S.C. § 405(g). The ALJ's decision must be upheld if it follows the proper administrative procedure for determining whether plaintiff is disabled as set forth in the Act,[14] if it is supported by substantial evidence,[15] and if it is free of legal error.[16] The ALJ is responsible for providing a clear enough explanation to "permit meaningful appellate review."[17] Although we review the ALJ's decision

---

[7] R. at 34.
[8] R. at 35.
[9] R. at 34-35.
[10] *Id.*
[11] R. at 36-44.
[12] R. at 36.
[13] R. at 43.
[14] 20 C.F.R. §§ 404.1520(a) and 416.920(a).
[15] *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).
[16] 42 U.S.C. § 405(g).
[17] *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

deferentially, she must nevertheless build a "logical bridge" between the evidence and her conclusion.[18] A "minimal[] articulat[ion] of her justification" is enough.[19]

The ALJ states in her decision that "[plaintiff's] statements concerning the intensity, persistence, and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the reliable residual functional capacity assessment."[20] She does not point to any specific inconsistencies, nor give any further explanation. We defer to the ALJ's decision when at all possible.[21] But we cannot defer when the ALJ uses such meaningless "boilerplate" language as "not credible to the extent they are inconsistent with the reliable residual functional capacity assessment," which has been specifically and repeatedly panned by the Seventh Circuit.[22]

She goes on to state that "[plaintiff's] allegations of disability are not supported by objective medical evidence of record," and that in a consultative examination in 2011, plaintiff was "able to get on and off the exam table, walk 50 feet without support . . . and squat. His grip strength was normal. The range of motion of his shoulders, elbows, wrists, hips, knees, and ankles were normal. He had reduced range of motion in his cervical spine . . . and lumbar spine."[23] But an ALJ may not disregard subjective complaints of pain "solely by stating that such testimony is unsupported by the medical evidence."[24]

Furthermore, the ALJ does not explain or discuss how these findings are inconsistent with plaintiff's claims of severe back pain. An ability to walk 50 feet without support and get on and off an exam table unaided is not facially inconsistent with severe back pain. Many sufferers of back pain walk short distances and get in and out of bed unaided. Certainly there is no reason at all to think that severe back pain should somehow affect plaintiff's grip strength, or the range of motion in his arms and legs. We will only remand if it is "patently wrong."[25] But if she does not explain her logic, then we cannot give it "meaningful appellate review," and cannot determine if it

---

[18] *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014).
[19] *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008).
[20] R. at 43.
[21] *Simila v. Astrue*, 573 F.3d 503, 513-14 (7th Cir. 2009).
[22] *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010); see also *Smith v. Astrue*, 467 Fed.Appx. 507, 511 (7th Cir. 2012) ("We have derided repeatedly this sort of boilerplate as meaningless and unhelpful to a reviewing court."); *Bjornson v. Astrue*, 671 F.3d 640, 644-5 (7th Cir. 2012) (finding that boilerplate language is especially unhelpful because it "implies that ability to work is determined first and then used to determine the claimant's credibility. That gets things backwards.").
[23] R. at 44.
[24] *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004); *Moore*, 743 F.3d at 1125; *Bjornson v. Astrue*, 671 F.3d 640, 646 (7th 2012).
[25] *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001).

was right or patently wrong.[26]

The ALJ also determined that "[plaintiff's] daily activities are not as limited as one would expect from a totally disabled individual."[27] Plaintiff testified that he was able to do such daily tasks as "perform his own hygiene, dress/undress himself, drive a car, handle[] his savings, shop[] for food, d[o] daily chores such as preparing meals, folding clothes, and some laundry."[28] But looking to ability to perform daily activities as solid proof that plaintiffs are not disabled is a tactic that has also been repeatedly criticized by the Seventh Circuit. In *Bjornson v. Astrue*, Judge Posner called this tactic "a recurrent, and deplorable, feature of opinions by administrative law judges in social security cases."[29] This is not to say that daily activities should not be considered at all. While it is appropriate to consider such activities in a credibility determination, it should be done "with care," and acknowledging that an ability to perform daily tasks with some limitations "does not necessarily translate into an ability to work full-time."[30]

The ALJ here has not considered plaintiff's daily activities "with care." The ALJ points out that plaintiff is able to dress, bathe, drive, and do some chores, but as in *Bjornson*, the plaintiff has never testified to being immobile.[31] Indeed, he has testified that he "ha[s] to constantly move to be comfortable."[32] He has also testified that while he has no problems with personal care, he had trouble sleeping, couldn't sit for long periods due to pain, took four to six Vicodin a day to handle his back and knee pain, and had trouble getting along with his family due to pain and mood swings.[33] The ALJ, therefore, focusing on plaintiff's ability to dress, bathe, and shop, does not fully address the issue. As noted in *Bjornson*, "one can have awful [pain] and still dress and bathe."[34] Put simply, there are many situations in which a plaintiff may have serious pain, but still must perform daily chores.[35] We do not suggest that this is the case here. We only hold that the ALJ should have given a more nuanced and thorough discussion of plaintiff's daily activities, rather than simply concluding without further explanation that they are inconsistent with

---

[26] *Briscoe ex rel. Taylor*, 425 F.3d at 351.
[27] R. at 44.
[28] *Id.*
[29] *Bjornson v. Astrue*, 671 F.3d at 647.
[30] *Roddy v. Astrue*, 705 F.3d 631, 639 (7th Cir. 2013).
[31] *Bjornson*, 671 F.3d at 647.
[32] R. at 41.
[33] R. at 41, 43.
[34] *Bjornson*, 671 F.3d at 647.
[35] *Hughes v. Astrue*, 705 F.3d 276, 279 (7th Cir. 2013) ("The applicant cannot afford to hire a laundress, so she must do the laundry herself, painful though that may be.").

debilitating back pain.

For these reasons, the Commissioner's motion is denied [dkt. 22] and plaintiff's motion is granted [dkt. 14]. The case is remanded for further proceedings consistent with this opinion.

**ENTER:**
**DATED:** <u>April 27, 2015</u>  <u>/s/ Susan E. Cox</u>

Susan E. Cox
United States Magistrate Judge